IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGBURG DIVISION

| | |
|---|---|
| Vallentine Cotton Company, LLC, ) | |
| ) | C/A No. 5:05-1127-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Columbia Insurance Company and ) | |
| Carolina Insurance Service, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Vallentine Cotton Company, LLC, is a cotton broker. It owns a number of trucks and other commercial vehicles. Through its broker, Wannamaker Agency, Inc. ("Wannamaker Agency"), Plaintiff purchased a business auto insurance policy (the "Policy") from Columbia Insurance Company ("CIC") through CIC's agent, Carolina Insurance Service, Inc. ("CIS"). The policy was effective October 10, 2003 through October 10, 2004 at 12:01 a.m.

Plaintiff contends that on September 9, 2004, Wannamaker Agency renewed the Policy via facsimile transmission. The morning of October 10, 2004, Plaintiff sustained damages to a 2001 Freightliner truck covered under the Policy. Plaintiff, assuming the Policy had been renewed, submitted a claim. Defendants refused to pay Plaintiff's claim on the grounds that the facsimile transmission had not been received and therefore the Policy had lapsed.

Plaintiff filed the within complaint on April 15, 2005, amended July 13, 2005, alleging causes of action for negligence (First Cause of Action); breach of contract accompanied by a fraudulent act (Second Cause of Action), bad faith failure to pay benefits (Third Cause of Action), negligent misrepresentation (Fourth Cause of Action), and violations of S.C. Code Ann. § 38-75-750 (Fifth and Sixth Causes of Action).

The parties filed dispositive motions on December 19, 2005. The court held a hearing on April 25, 2006. At that time, the parties agreed to try the case before a jury on the following two factual issues:

> Did the Plaintiff prove, by the preponderance of the evidence, that the Wannamaker Agency, Inc. sent the renewal questionnaire to Carolina Insurance Services, Inc. via facsimile transmission on September 9, 2004.
>
> Did the Defendants prove, by the preponderance of the evidence, that the Greenville office of Carolina Insurance Service, Inc. did not receive the facsimile transmission from the Wannamaker Agency on September 9, 2004.

The case was tried on July 24 and 25, 2006. The jury returned a verdict answering "Yes" to the first question and "No" to the second question. Based upon these findings, Defendants conceded that the Policy renewal was effective and that Plaintiff was entitled to coverage for the loss involving the 2001 Freightliner truck. Because Plaintiff prevailed at trial and Defendants agreed to cover the loss, the court determined that the outstanding dispositive motions were moot.

The court held a status conference on October 23, 2006 regarding final resolution of the case. At that time Defendants informed the court that they were amenable to paying Plaintiff sums due under the Policy in the amount of $86,950.00, plus clean-up costs and pre-judgment interest if ordered by the court. See Defendants' Status Report (Entry 72). Plaintiff contended, however, that Defendants' agreement to simply pay the sums due under the Policy is inadequate because Plaintiff has incurred significant expense in prosecuting this action that would not have been incurred had Defendants performed under the Policy at the time of the accident. Plaintiff asserts that Defendants should be held liable for mediation fees, court costs and litigation expenses, attorney fees, and punitive damages. See Plaintiff's Status Report (Entry 73). Because Plaintiff's right, if any, to recover these amounts arises not under the Policy, but under statute or state tort law, the court

granted leave to the parties to reassert the arguments originally presented in the parties' dispositive motions.

This matter now is before the court on Plaintiff's motion for partial summary judgment filed October 24, 2006 (Entry 82). Also before the court are Defendants' motions for summary judgment filed October 25, 2006 (Entries 83, 84). The court has reviewed the record thoroughly, and has considered the pleadings, motions, memoranda, exhibits, affidavits, and applicable law. The court concludes that Plaintiff's motion for partial summary judgment should be denied. The court further concludes that Defendants' motions for summary judgment should be granted in part and denied in part.

I. DISCUSSION

A.   Summary Judgment Standard

Summary judgment "shall be rendered forthwith when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the evidence to present a genuine issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The moving party has the burden of proving that there are no facts from which it would be open to a jury to make inferences favorable to the non-movant. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The opposing party may not rest on the mere assertions contained in the pleadings. Id. The court must view the record as a whole and in the light most favorable to

the non-moving party. <u>Terry's Floor Fashions, Inc. v. Burlington Indus. Inc.</u>, 763 F.2d 604 (4th Cir. 1985).

B.     <u>Plaintiff's Motion for Partial Summary Judgment</u>

Plaintiff contends that the Policy automatically renewed for a period of thirty days because Defendants failed to comply with S.C. Code Ann. § 38-75-750.  The court disagrees.

Section 38-75-750 provides:

> a) If an insurer intends to renew a policy, the insurer shall furnish renewal terms and a statement of the amount of premium or estimated premium due for the renewal policy period in the manner required by this section.
>
> (b) If the policy being renewed (hereinafter "original policy") is written for a term of one year or less, the renewal terms and statement of premium or estimated premium due must be furnished to the insured not less than thirty days prior to the expiration date of the original policy.
>
> (c) If the original policy is written for a term of more than one year or for an indefinite term, the renewal terms and statement of premium or estimated premium due must be furnished to the insured not less than thirty days prior to the anniversary date of the original policy.
>
> (d) The insurer may satisfy its obligation to furnish renewal terms and statement of premium or estimated premium due by either of the following methods:
>
>> (1) mailing or delivering renewal terms and statement to the insured at his address shown in the policy or, if not reflected therein, at his last known address, not less than thirty days prior to expiration or anniversary; or
>>
>> (2) mailing or delivering renewal terms and statement to the agent of record, if any, not less than forty-five days prior to expiration or anniversary, along with instructions that the agent furnish the renewal terms and statement to the insured not less than thirty days prior to expiration or anniversary.

The provisions of 38-75-750 do not apply to "automobile insurance . . . as to which there are specific statutory provisions of law governing cancellation, nonrenewal, or renewal of policies." S.C. Code Ann. § 38-75-710.

Plaintiff contends that the 2001 Freightliner truck at issue does not meet the statutory definition of an automobile. See S.C. Code Ann. § 38-77-30 (defining an "automobile" as a "self-propelled vehicle which is designed for use upon a highway"). According to Plaintiff, the 2001 Freightliner truck is designed to operate in a cotton field to collect harvested cotton modules, and more accurately is considered to be agricultural equipment. Thus, according to Plaintiff, policy renewal is governed by section 38-75-750. The South Carolina Supreme Court has determined that if section 38-75-750 is violated, the policy is automatically renewed for a period of thirty days following the insured's late receipt of notice of renewal. See Walton v. Canal Ins. Co., 503 S.E.2d 727 (S.C. 1998).

With respect to section 38-75-750, Plaintiff contends that Defendants failed to provide specific policy terms for the renewal coverage, in violation of section 38-75-750(a). Plaintiff further asserts that Defendants failed to mail or deliver renewal terms to Plaintiff at its address not less than thirty days prior to expiration of the Policy, or mail or deliver renewal information to Plaintiff's agent, Wannamaker Agency, Inc., not less than forty-five days prior to expiration of the Policy, in violation of section 38-75-750(d). Under the holding in Walton, the Policy automatically renewed and would have been in effect at the time of the accident.

The court notes that a jury found the Policy was renewed via facsimile transmission on September 9, 2004. Thus, the court need not address Plaintiff's argument that the Policy automatically renewed for failure of Defendants to comply with section 38-75-750. Plaintiff's motion for summary judgment is denied as moot.

C.   CIC's Motion for Summary Judgment

CIC moves for summary judgment as to each of Plaintiff's causes of action. For the reasons stated hereinabove, the court concludes that arguments regarding section 38-75-750 are moot because, according to the jury, the Policy was renewed on September 9, 2004. CIC's motion for summary judgment as to Plaintiff's fifth and sixth causes of action is denied as moot. The court turns to the remaining grounds for summary judgment advanced by CIC.

1.   Negligence (First Cause of Action) - Plaintiff contends that CIC was negligent in failing to renew the insurance contract after CIS accepted Plaintiff's premium payment. CIC asserts that summary judgment is warranted because Plaintiff has not alleged any legally recognized duty applicable to the facts of this case. According to CIC, the failure to renew a policy after the insurance company or its agent has accepted the premium may give rise to a cause of action for breach of contract, but does not give rise to a cause of action for negligence. The court disagrees.

To prove negligence, a plaintiff must show that (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered injury or damages. Steinke v. S.C. Dep't of Labor, Licensing and Reg., 520 S.E.2d 142, 149 (S.C. 1999). As a threshold matter, the court must decide as a matter of law whether the defendant owed a duty of care to the plaintiff. Id.

In most instances, a negligence action will not lie when the parties are in privity of contract. Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc., 463 S.E.2d 85, 88 (S.C. 1995). When, however, there is a special relationship between the alleged tortfeasor and the injured party not arising in contract, the breach of that duty of care will support a tort action. Id.

6

(citing cases). "'A confidential or fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one imposing the confidence.'" Pitts v. Jackson Nat'l Life Ins. Co., 574 S.E.2d 502, 507 (S.C. Ct. App. 2002) (quoting Island Car Wash, Inc. v. Norris, 358 s.E.2d 150, 152 (S.C. Ct. App. 1987). The relationship between an insurer and an insured has been characterized as "special" where, as here, the parties have entered into a mutually binding contract for insurance. See id. The court concludes that the parties possessed a special relationship that imposed upon CIC a duty to act in good faith.

Once a court determines whether a duty arises in one party to exercise reasonable care for the benefit of another under the facts of a given case, it typically is for the jury to decide whether a breach of the duty has occurred, resulting in damages. Miller v. City of Camden, 451 S.E.2d 401, 403 (S.C. Ct. App. 1994) (citing Estate of Cantrell by Cantrell v. Green, 397 S.E.2d 777, 779 (S.C. Ct. App. 1990)), *aff'd as modified*, 494 S.E.2d 813 (S.C. 1997). The court concludes there exist genuine issues of material fact as to whether CIC's conduct in failing to renew the Policy upon acceptance of the premium check was unreasonable and proximately resulted in damage to Plaintiff. CIC's motion for summary judgment is **denied** as to this issue.

2.      Breach of Contract Accompanied by A Fraudulent Act (Second Cause of Action) - Having a contract is a prerequisite to proving breach of contract accompanied by a fraudulent act. Armstrong v. Collins, 621 S.E.2d 368, 377 (S.C. Ct. App. 2005). To prove this cause of action, a plaintiff must show: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach. Id. (citing Floyd v. Country Squire Mobile Homes, Inc., 336 S.E.2d 502, 503-04 (S.C. Ct. App.1985)). The

fraudulent act is any act characterized by dishonesty in fact or unfair dealing. Conner v. City of Forest Acres, 560 S.E.2d 606, 612 (S.C. 2002) (citing Harper v. Ethridge, 348 S.E.2d 374 (S.C. Ct. App.1986)). "'Fraud,' in this sense, 'assumes so many hues and forms, that courts are compelled to content themselves with comparatively few general rules for its discovery and defeat, and allow the facts and circumstances peculiar to each case to bear heavily upon the conscience and judgment of the court or jury in determining its presence or absence.'" Id. (quoting Sullivan v. Calhoun, 108 S.E. 189, 189 (1921)).

CIC first contends that this cause of action must fail because there is no evidence that a contract was in place on October 10, 2004, or that the contract was breached. After the findings made by the jury on July 25, 2006, Defendants have conceded the existence of the Policy and acknowledged Plaintiff's right to recover amounts due under the Policy. Accordingly, contrary to CIC's assertion, a contract was in place that was breached by the failure to pay benefits. The question, then, is whether there is any evidence of fraudulent intent or a fraudulent act on the part of CIC.

Plaintiff contends, among other things, that a jury could find CIC, knowing that Plaintiff had timely paid its renewal premium to the Wannamaker Agency and that the Wannamaker Agency had been authorized by CIS to accept premiums on its behalf, dishonestly and unfairly took the position that no coverage existed on the date of loss. The court concludes that a genuine issue of material fact exists as to this cause of action. CIC's motion for summary judgment is **denied** as to this claim.

3.      Bad Faith Failure to Pay Benefits (Third Cause of Action) - A bad faith failure to pay benefits cause of action is premised on an implied covenant of good faith and fair dealing. Nichols

v. State Farm Mut. Auto. Ins. Co., 306 S.E.2d 616, 618 (S.C. 1983). (citing Gruenberg v. Aetna Ins. Co., 510 P.2d 1032 (1973)).  As the South Carolina Supreme Court noted:

> Absent the threat of a tort action, the insurance company can, with complete impunity, deny any claim they wish, whether valid or not.  During the ensuing period of litigation following such a denial, the insurance company has the benefit of profiting on the use of the insured's money. . . . [I]f an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, he can recover consequential damages in a tort action. Actual damages are not limited by the contract.  Further, if he can demonstrate the insurer's actions were willful or in reckless disregard of the insured's rights, he can recover punitive damages.

Id. at 619.

CIC contends that summary judgment is appropriate because there was no contract in place on October 10, 2004 when the loss occurred.  Therefore, according to CIC, Plaintiff was not a first party insured such that a bad faith claim could be asserted. Based on the jury verdict, however, Defendants now acknowledge that Plaintiff is entitled to payment under the Policy. CIC's contention is without merit.

CIC further asserts that summary judgment is appropriate because it conducted a reasonable, good faith investigation into whether the policy had been renewed.  In the court's view, a genuine issue of material fact exists as to whether CIC acted in bad faith or unreasonably in denying coverage.  CIC's motion for summary judgment is denied as to this issue.

    4.    <u>Negligent Misrepresentation (Fourth Cause of Action)</u> - CIC contends that Plaintiff's fourth cause of action must fail because it made no representation that the policy was renewed.  To establish liability for negligent misrepresentation, the plaintiff must show (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the representation; (3) the defendant owed a duty of care to see that he communicated truthful

information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation. AMA Management Corp. v. Strasburger, 420 S.E.2d 868, 874 (S.C. Ct. App.1992).

There is evidence that CIS, CIC's agent, acted in a manner that a reasonable jury could find misled Plaintiff to believe the Policy had been renewed and that coverage was being extended. As Plaintiff alleges, on September 9, 2004, CIS provided a renewal quote and renewal questionnaire to the Wannamaker Agency for renewal of Plaintiff's policy. On September 10, 2004, CIS provided a revised renewal quote that included the 2001 Freightliner. By October 13, 2004, CIS had received the renewal premium and deposited the renewal check in its account. Where one acting as agent for another, within the scope of his agency, commits a tort, both the principal and the agent are joint tortfeasors. See Lane v. Home Ins. Co., 2 S.E.2d 30, 32 (S.C. 1939). The court concludes that genuine issues of material fact exist as to this cause of action. CIC's motion for summary judgment is denied.

D.      CIS's Motion for Summary Judgment

CIS moves for summary judgment as to each of Plaintiff's first, fourth, fifth, and sixth causes of action. For the reasons stated hereinabove, the court concludes that section 38-75-750 is not applicable. CIS's motion for summary judgment is denied as moot as to Plaintiff's fifth and sixth causes of action. The court therefore turns to the remaining grounds for summary judgment advanced by CIS.

1.      Negligence (First Cause of Action) - In addition to the arguments set forth by CIC, which the court has rejected, CIS contends that summary judgment is appropriate and that it cannot

be held liable for CIC's decision not to renew the policy effective October 10, 2004. The court disagrees.

CIS owed Plaintiff a duty independent of CIC to use due care in handling the Policy renewal. A reasonable jury could find that CIS failed to exercise due care in handling Plaintiff's renewal application. CIS's motion for summary judgment is **denied** as to this cause of action.

2.  <u>Negligent Misrepresentation (Fourth Cause of Action)</u> - CIS contends that Plaintiff's cause of action must fail because CIS never made any representation that the Policy was renewed. As noted hereinabove, there is a genuine issue of material fact as to whether CIS's conduct misled Plaintiff into believing that the Policy had been renewed. CIS's motion for summary judgment is **denied** as to this issue.

## II. <u>CONCLUSION</u>

For the reasons stated, Plaintiff's motion for summary judgment (Entry 82) is **denied as moot**. CIC's motion for summary judgment (Entry 84) is **denied**, except as to Plaintiff's fifth and sixth causes of action; as to these two causes of action, CIC's motion is **denied as moot**. CIS's motion for summary judgment (Entry 83) is **denied** except as to Plaintiff's fifth and sixth causes of action; as to these two causes of action, CIS's motion is **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

February 8, 2007